IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-20-81-RAW |
| | ) | |
| DORION LAROY MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the court is the motion of the defendant to dismiss counts due to multiplicity or to order election. The indictment charges defendant with six substantive counts, all for conduct "on or about July 30, 2020." Defendant is charged in Count One with assault with intent to commit murder in Indian Country (victim D.N.), in Count Two with assault with a dangerous weapon with intent to commit bodily harm in Indian Country (victim D.N.), in Count Three with assault resulting in serious bodily injury in Indian Country (victim D.N.), in Count Four with assault with a dangerous weapon with intent commit bodily harm in Indian Country (victims D.N., T.S. and K.N.), in Count Five with the use, carry and discharge of a firearm during and in relation to a crime of violence (the crimes of violence being those described in Counts 1-4), and in Count Six with being a felon in possession of a firearm.

Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior. *United States v. Frierson,* 698 F.3d 1267, 1269 (10th Cir.2012). Multiplicity is not fatal to an indictment, and the government may submit multiplicitous charges to the jury. *Id.* Multiplicitous sentences, however, violate the Double Jeopardy Clause. *Id.* If a defendant

is convicted of both charges, the district court must vacate one of the convictions. *Id.* A defendant may not be punished for the same conduct under two distinct statutory provisions unless each provision requires proof of a fact which the other does not. *United States v. Etenyi,* 720 Fed.Appx. 445, 454 (10th Cir. 2017).

Under *Blockburger v. United States,* 284 U.S. 299 (1932), multiple convictions do not violate double jeopardy if each offense requires proof of an element not contained in the other. *See also United States v. Mier-Garces,* 967 F.3d 1003, 1011-1012 (10th Cir.2020).

A decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court. *United States v. Johnson,* 130 F.3d 1420, 1426 (10th Cir.1997). The risk of a trial court not requiring pretrial election is that it may falsely suggest to a jury that a defendant has not committed one but several crimes. *Id.* Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue and will reach a compromise verdict or assume the defendant is guilty on at least some of the charges. *Id.* The trial court may also seek to address the issue in the jury instructions. *See United States v. Bolt,* 776 F.2d 1463, 1467-68 (10th Cir.1985).

Defendant argues that, given the number of multiplicitous counts, the risks of not requiring pretrial election are significant in this case. He contends "[t]he conduct alleged in Counts 1-4 is substantially the same, and no additional facts must be proven in order to establish a violation of each count." (#38 at 5)(emphasis added). He therefore requests the

court to dismiss Counts 2-4. The government appears to concede that the charges stem from a single incident (#41 at 1-2), but argues that the proper focus is the elements of each charge. The court agrees at this time.

The statutes pertinent to Count One (18 U.S.C. §113(a)(1), Count Two (18 U.S.C. §113(a)(3)), and Count Three (18 U.S.C. §113(a)(6), all require unique elements. *See* O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §§25:01 - 25:09 (6th edition). In a recent decision, the district court stated: "Thus, while counts three and four [§113(a)(1) and §113(a)(6)] cover the same criminal behavior and are therefore multiplicitous, a jury could convict the defendant on one of these counts and acquit him of the other." *United States v. Redbird,* No. CR-19-0347-F at 5 (W.D.Okla. May 22, 2020). Judge Friot declined to dismiss either count or direct election. This court follows that ruling. Specifically, however, this court again notes that Count One and Count Four charge the same offense, once with a single alleged victim and once with three alleged victims respectively, Count Four including the same victim named in Count One. The court will need to hear the evidence before determining whether both counts should go to the jury.

Should the defendant ultimately be convicted as to two or more multiplicitous counts, the court will not allow multiplicitous sentences. The government concedes that "[t]he appropriate remedy for any multiplicity issues at sentencing would be to proceed on only the greatest offense" and "dismissing any remaining multiplicitous counts." (#41 at 3).

It is the order of the court that the motion of the defendant (#38) is hereby denied.

**ORDERED THIS 30th DAY OF NOVEMBER, 2020.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**